# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK BANKS, | ) | |
| | ) | Civil Action No. 13 – 1025 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge Nora Barry Fischer |
| | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| REALTY COUNSELING COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

For the following reasons, it is respectfully recommended that Plaintiff's Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**II.  REPORT**

Plaintiff, Frederick Banks, commenced this lawsuit by filing a motion for leave to proceed *in forma pauperis*. That motion was granted on August 7, 2013. In this action, Plaintiff alleges violations of various federal law and his constitutional rights against seventy-six named defendants. He claims that defendants used "Remote Neural Monitoring" technology to harass and steal from him. He seeks one-hundred million dollars in damages and an order prohibiting defendants from engaging in any further unlawful activity.

### A. Legal Standing

Plaintiff is proceeding *pro se* and as such, he is entitled to liberal construction of his submissions in federal court. This means that the Court must liberally construe the factual allegations of the complaint because *pro se* pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erikson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation omitted); Haines v. Kerner, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veterans Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). However, *pro se* litigants are not free to ignore the Federal Rules of Civil Procedure. Pruden v. Long, Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D. Pa. Oct. 24, 2006).

Pursuant to 28 U.S.C. § 1915(a), Plaintiff requested and has been granted leave to proceed *in forma pauperis*. Thus, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. § 1915(e). Section 1915(e)(2), as amended, requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The United States Supreme Court has held that Section 1915(e)(2)(B)(i)'s term "frivolous" when applied to a complaint, "embraces not only the inarguable legal conclusion, but

also the fanciful factual allegation," such that a claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hawkins v. Coleman Hall, C.C.F., No. 11-3467, 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact." (citing Neitzke, supra). Thus, under § 1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" O'Neal v. Remus, No. 09-14661, 2010 WL 1463011, at *1 (E.D. Mich. Mar. 17, 2010) (quoting Price v. Heyrman, No. 06-C-632, 2007 WL 188971, at *1 (E.D. Wis. Jan. 22, 2007) (citing Neitzke, 490 U.S. at 327)).[1]

In determining whether a claim fails to state a claim upon which relief may be granted for purposes of Section 1915(e)(2)(B)(ii), courts apply the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. D'Agostino v. CECOM RDEC, 436 F. App'x 70, 72 (3d Cir. 2011) (citing Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). The court of appeals has expounded on this standard in light of its decision in Phillips v. County of Allegheny, 515 F.3d

---

[1] Dismissal under Section 1915(e)(2) is "often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints[,]" Neitzke, 490 U.S. at 324, or complaints which fail to state a claim on which relief may be granted.

224 (3d Cir. 2008) (construing Twombly in a civil rights context), and the Supreme Court's decision in Iqbal:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). In making this determination, the court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and §1915([e]) both counsel dismissal." Neitzke, 490 U.S. at 328 (footnote omitted).

**B. Discussion**

As an initial matter, Plaintiff has sued over seventy defendants in this matter, yet fails to identify even one defendant in the body of his three-page Complaint. Consequently, he fails to assert any claims for relief against any named defendant and thus his Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to meet the pleading standards enunciated in Iqbal and Twombly, *supra*. Notwithstanding, it would be futile to allow Plaintiff to amend his Complaint, because this action is also subject to dismissal as being frivolous pursuant to Section 1915(e)(2)(B)(i). *See* Pavalone v. Bush, No. 3:11-1620, 2012 U.S. Dist. LEXIS 61974 (M.D. Pa. March 27, 2012) ("Within the Third Circuit, courts have found that

allegations which are considered fanciful, fantastic, and delusional are to be dismissed as frivolous.") (numerous citations omitted); Frazier v. Southwoods State Prison, No. 06-0096, 2006 U.S. Dist. LEXIS 20832 (D. N.J. April 17, 2006) ("In accordance with the Supreme Court's guidance articulated in Neitzke and Denton, courts across the nation dismissed claims based on sets of facts that were qualified as 'fanciful, fantastic and delusional.'") (numerous citations omitted). *See also*, Simmons v. Beard, No. 3:13-0254, 2013 U.S. Dist. LEXIS 69814 (M.D. Pa. May 16, 2013) (allegations that microchips and microchip batteries have been implanted into plaintiff for purposes of mind control and torture were subject to dismissal as frivolous); Noble v. Becker, No. 03-906-KAJ, 2004 U.S. Dist. LEXIS 480 (D. Del. Jan. 15, 2004) (claims that government officials and others had engaged in a vast conspiracy to violate his constitutional rights were delusional); Williams v. Werseter, No. 94-3839, 1994 U.S. Dist. LEXIS 8901 (E.D. Pa. June 30, 1994) (plaintiff's claim that he had uncovered evidence of a conspiracy by the former mayor to commit sabotage and espionage in order to establish ecclesiastical law and in some way interfere with U.S. commerce were fanciful, fantastic, or delusional); Robinson v. Love, 155 F.R.D. 535 (E.D. Pa. 1994) (where plaintiff alleged that he was subjected to witchcraft and attempts to poison him with cyanide, the allegations were fanciful, fantastic or delusional).

As with the above-cited cases, it is clear that Plaintiff's claim that defendants used mind control in order to harass and steal from him is subject to dismissal as being frivolous. In recommending dismissal, the undersigned notes that the instant action is only one of a host of law suits that Plaintiff has filed in this Court over the years; the majority of which have been dismissed prior to service under Section 1915(e)(2)(B). Moreover, although Plaintiff is no longer incarcerated or a prisoner in the meaning of 28 U.S.C. § 1915(h), he has acquired three-

strikes within the meaning of Section 1915(g) and is prohibiting from bringing a civil action *in forma pauperis* while incarcerated or detained unless he is under imminent danger of serious physical injury.  However, the Court has confirmed that Plaintiff was released from custody earlier this year, and, as such, he is not barred from bringing this action *in forma pauperis*.

### III.  CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiff's Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto.  Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response.  A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated:  August 8, 2013

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc:  Frederick Banks
P.O. Box 42303
Pittsburgh, PA  15207
*Via U.S. Postal Mail*